IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES DONALD PETERSON,

                     Petitioner,

     v.

JUDY SMITH,
Warden, Oshkosh Correctional Institution,

                     Respondent.

ORDER

16-cv-189-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Prisoner James Donald Peterson has filed a 51-page petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges a 1998 conviction for first-degree sexual assault of a child under the age of 13. Because it appears that the statute of limitations has run on the petition, I am directing petitioner to show cause why the petition should not be denied as untimely.

In 1999, petitioner filed a petition for a writ of habeas corpus in which he challenged his 1998 conviction. Peterson v. Smith, No. 99-cv-426-bbc (W.D. Wis.). I dismissed the petition without prejudice to petitioner's refiling it after he exhausted his remedies in state court. Id. at dkt. #18. In January 2015, petitioner filed a motion to "reinstate" the petition on the ground that he had exhausted his state court remedies by following the procedure in State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), for pursuing a claim for ineffective assistance of appellate counsel. Id. at dkt. #30. I denied the motion on the

ground that petitioner needed to file a new petition. Id. at dkt. #31. On March 28, 2016, more than a year later, petitioner filed this case.

Although the petition is lengthy, petitioner does not address an obvious issue, which is the statute of limitations. Under 28 U.S.C. § 2244(d)(1), all habeas corpus petitions are subject to a one-year limitations period. The one-year limitations period is designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Carey v. Saffold, 536 U.S. 214, 226 (2002). This one-year statute of limitations typically begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, it has been many years since petitioner's judgment became final on direct review. State v. Peterson, 221 Wis. 2d 656, 588 N.W.2d 633 (1998) (denying petition for review). Although the proper filing of a state court motion for collateral review tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), petitioner admits that he did not file his Knight petition until 2014, more than 15 years after his conviction became final. In addition, he waited more than a year after the Wisconsin Supreme Court denied his Knight petition to file a new habeas petition in this court. Therefore, it seems likely that the one-year statue of limitations for bringing this petition has run out. Although the statute of limitations generally is an affirmative defense, a court may raise the defense on its own in a case such as this one when it is clear from the face of a pleading that the defense applies. Kauthar v. SDN BHD v. Sternberg, 149 F.3d 659, 670 n.14 (7th Cir 1998).

Before dismissing the case, I will give petitioner an opportunity to show that his petition is timely. For example, petitioner may be able show that one or more statutory exceptions to the one-year statue of limitations should apply: (1) the creation by the state of an impediment to filing a petition; (2) the existence of a newly recognized constitutional right made retroactive by the Supreme Court; or (3) the discovery of new facts that could not have been discovered with due diligence on an earlier date. 28 U.S.C. § 2244(d)(1)(B)–(D). Also, an untimely petition might be saved by the doctrine of equitable tolling, which would require petitioner to establish that extraordinary circumstances outside the petitioner's control prevented the timely filing of the habeas petition. Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004) (citation omitted); see also Moore v. Battaglia, 476 F.3d 504, 506 (7th Cir. 2007). Petitioner will have to justify both the 15-year delay in filing his Knight petition and the more than one-year delay in filing this case after exhausting his appeals of his Knight petition.

Petitioner faces another obstacle as well. The Wisconsin Court of Appeals denied petitioner's Knight petition on the ground that his arguments were "unexplained, undeveloped and unsupported." Peterson v. Smith, No. 2014AP289-W (Wis. Ct. App. Feb. 28, 2014). In addition, the court of appeals noted that he failed to explain his 15-year delay in filing the petition. Id. When a petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir.

2004). Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either (1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred; or (2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment. Perruquet, 390 F.3d at 514; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001).

If a petitioner has procedurally defaulted a claim, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) cause for the default and actual prejudice or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." Steward v. Gilmore, 80 F.3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). Because the Wisconsin Court of Appeals rejected petitioner's claim on procedural grounds, his petition in this court must be dismissed unless he can show that the procedural default doctrine should not apply under the circumstances of this case.

ORDER

IT IS ORDERED that the petitioner James Donald Peterson may have until June 3, 2016, to show cause why this case should not be dismissed on that grounds that it is untimely and subject to procedural default. If petitioner fails to respond by June 3, I will

4

dismiss the petition with prejudice.

    Entered this 11th day of May, 2016.

                                     BY THE COURT:
                                     /s/
                                     BARBARA B. CRABB
                                     District Judge