IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES DONALD PETERSON,

                                   OPINION AND ORDER

                Petitioner,

                                      16-cv-189-bbc

    v.

JUDY SMITH,
Warden, Oshkosh Correctional Institution,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       The question before the court is whether James Donald Peterson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed as untimely. I conclude that the answer is yes because the one-year deadline in 28 U.S.C. § 2244(d)(1) passed many years ago and petitioner has failed to show that he is entitled to equitable tolling.

       In 1999, petitioner sought relief under § 2254 with respect to a 1998 conviction for first-degree sexual assault of a child under the age of 13. Peterson v. Smith, No. 99-cv-426-bbc (W.D. Wis.). The same year, I granted respondent's motion to dismiss the petition on the ground that petitioner had not exhausted his state court remedies with respect to all of his claims. I informed petitioner of his options at the time:

> Petitioner does have one option to returning to state court. After dismissal, he could amend his federal petition to eliminate all claims that he has not exhausted. See Rose v. Lundy, 455 U.S. 509, 520-21 (1982). Of course, if he does so, he will probably be unable to obtain federal court review of his unexhausted claims at any time in the future, since he is permitted to file only

> one § 2254 petition challenging any one conviction, except in the unlikely
> circumstance that the court of appeals would give him permission to file a
> successive petition. See § 2244(b)(2).

Case no. 99-cv-426-bbc (W.D. Wis. Nov. 4, 1999), dkt. #18. Rather than amend his petition, petitioner filed a notice of appeal, but the Court of Appeals for the Seventh Circuit denied his request for a certificate of appealability. Id. at dkt. ##21 and 26.

On March 28, 2016, petitioner filed this case, challenging the same 1998 sexual assault conviction and alleging that he had exhausted his state court remedies with respect to all of his claims, including his claim for ineffective assistance of appellate counsel. In an order dated May 11, 2016, dkt. #2, I noted that, under 28 U.S.C. § 2244(d)(1), all habeas corpus petitions are subject to a one-year limitations period, which typically begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, petitioner's judgment became final on direct review in 1998. State v. Peterson, 221 Wis. 2d 656, 588 N.W.2d 633 (1998) (denying petition for review). Although the proper filing of a state court motion for collateral review tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), petitioner admits that he did not file a state court petition regarding ineffective assistance of appellate counsel until 2014, more than 15 years after his conviction became final. In addition, he waited more than a year after the Wisconsin Supreme Court denied that petition to file a new habeas petition in this court. Because it appeared from the face of the petition that it was untimely, I directed petitioner to show cause why the petition should not be dismissed, either because petitioner believed that he is entitled to equitable

tolling, Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004), or because he meets one of the statutory exceptions to the one-year limitations period, 28 U.S.C. § 2244(d)(1)(B)-(D). Dkt. #2.

In his response, petitioner does not seem to challenge the conclusion that his claim regarding ineffective assistance of appellate counsel is untimely. He offers no reason why he waited fifteen years to seek relief in state court and another year to file his petition in this court.

With respect to his other claims, I understand petitioner to argue that he is entitled to equitable tolling because those claims were timely when he filed them in 1999. In support of that argument, petitioner cites a concurring opinion in Duncan v. Walker, 533 U.S. 167, 183-84 (2001) (Stevens, J., concurring). In that case, the Court held that the one-year statute of limitations is not tolled when a prisoner files a habeas petition in federal court and the petition is later dismissed for a failure to exhaust state court remedies. Id. at 181-82. In his concurring opinion, Justice Stevens made two observations. First, he said that "there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies." Id. at 182-83. Second, he said that "[t]he Court's opinion does not address a federal court's ability to toll the limitations period apart from § 2244(d)(2)." Id. at 183.

Petitioner does not explain why he believes that Duncan provides support for an equitable tolling argument in this case. As petitioner acknowledges, this court did not retain jurisdiction over the petition after concluding that petitioner failed to exhaust his state court

3

remedies and petitioner does not argue that the court was required to stay the case rather than dismiss it without prejudice. Thus, under Duncan, the one-year limitations period continued to run for all of petitioner's claims until he sought postconviction relief in state court. Even if I had stayed the case rather than dismissed it, I would not have held the case open for more than 15 years in the absence of compelling reasons. Although the limitations period is subject to equitable tolling, that is only when the petitioner shows that extraordinary circumstances outside his control prevented the timely filing of the habeas petition. Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004) (citation omitted); see also Moore v. Battaglia, 476 F.3d 504, 506 (7th Cir. 2007). Because petitioner has provided no excuse for his lengthy delay, I cannot conclude that he is entitled to tolling. Accordingly, I am dismissing the petition as untimely.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not

a close one. For the reasons stated, reasonable jurists would not debate the decision that the petition should be dismissed as untimely. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. Petitioner James Donald Peterson's petition for a writ of habeas corpus is DISMISSED on the ground that it was not filed within the limitations period.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R .App. P. 22.

Entered this 22d day of June, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge