IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES DONALD PETERSON,

                Petitioner,

    v.

JUDY SMITH,
Warden, Oshkosh Correctional Institution,

                Respondent.

ORDER

16-cv-189-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated June 22, 2016, I denied James Donald Peterson's petition for a writ of habeas corpus on the ground that he filed it many years after his one-year statute of limitations expired. Dkt. #4. Now counsel for petitioner has filed what he calls a "motion for reconsideration," though he does not argue that the June 22, 2016 order was incorrect in any respect. Instead, he says that "James Peterson, in his own person, desires to make a further argument for equitable tolling based upon a variety of reasons dealing with his own personal circumstances." Dkt. #6 at 2. However, counsel does not say why he failed to provide that explanation with the petition or with his response to the court's order to show cause why the case should not be dismissed as untimely. Even now, neither Peterson himself nor his counsel explain the delay of more than ten years or even argue that petitioner can meet the demanding standard for equitable tolling. Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004) (equitable tolling requires showing that extraordinary circumstances outside

1

petitioner's control prevented timely filing of the habeas petition).

"It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).  See also United States v. 47 West 644 Route 38, Maple Park, Illinois, 190 F.3d 781, 783 (7th Cir. 1999) ("A party may not introduce evidence or make arguments in a Rule 59 motion that could or should have been presented to the court prior to judgment.").  Because petitioner has not identified any reason why he could not have developed an argument about equitable tolling sooner, I am denying his motion.

Further, even if I wanted to grant petitioner's motion, I could not do so.  Because petitioner does not develop any arguments regarding equitable tolling in his motion, it is not a true motion for reconsideration under Fed. R. Civ. P. 59(e).  Rather, it is more accurately described as a motion to extend the 28-day deadline to file a motion for reconsideration. Robinson v. Sweeny, 794 F.3d 782, 783 (7th Cir. 2015).  Under Fed. R. Civ. P. 6(b)(2), district courts do not have authority to extend the time for filing a Rule 59 motion, Banks v. Chicago Board of Education, 750 F.3d 663, 666 (7th Cir. 2014), so this court has no power to give petitioner relief now.

ORDER

IT IS ORDERED that petitioner James Donald Peterson's "motion for reconsideration," dkt. #6, is DENIED.

Entered this 8th day of September, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge